IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY STUDLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-374J |
| | ) |
| CHILDREN and YOUTH SERVICES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Plaintiff contends that the Defendants deprived her of her Fourteenth Amendment right to due process and endangered the health and welfare of her children when they removed the children from her home and failed to promptly return them. The Defendants assert a number of challenges to the viability of Plaintiff's claims. I agree that the claims, as currently articulated, cannot survive a Rule 12(b)(6) attack. Accordingly, the Motions to Dismiss are granted, but Plaintiff is given leave to file an Amended Complaint.

### OPINION

Plaintiff Sherry Studli ("Studli") is the mother of six children ranging in age

1

from twenty to nine. Apparently, at some point in time, representatives from Defendant Children and Youth Services of Somerset County, Pennsylvania ("CYS") took custody of those children. Studli contends that, though she was ultimately found "not guilty" of child abuse and neglect, her children were not immediately returned to her care. Accordingly, Studli brings suit against CYS; the Office of Children, Youth and Families ("OCYF");[1] the Honorable John Cascio and the Honorable Eugene Fike II, both of the Court of Common Pleas of Somerset County, Pennsylvania ("the Judicial Defendants"); and the Somerset County Commissioners, James C. Maker, Brad Cober and Pamela A. Tokar-Ickes ("the Commissioners"). She references both her constitutional rights under the Fourteenth Amendment and her rights under the "Parental Rights and Responsibilities Act."

The Defendants have filed Motions to Dismiss the Complaint. See Docket Nos. 4, 6 and 9.[2] While I agree with the Defendants that Studli has not articulated a viable claim, given her *pro se* status, the dismissal of her Complaint is without prejudice to file an Amended Complaint, curing the deficiencies noted below.

## STANDARD OF REVIEW

Studli filed this Complaint *pro se.* Consequently, I "must liberally construe [her] pleadings, and … apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

---

[1] OCYF was incorrectly identified in the caption as "Children and Youth and Family Central Regional Office."

[2] While certain of the Defendants challenged Studli's claims on behalf of her children, in her Response, Studli has clarified that she seeks damages only on behalf of herself. See Docket No. 8, paragraph 29.

"'Liberal construction of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure.'" Castro v. United States, 540 U.S. 375, 386 (2003) (Scalia, J., concurring).

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and

Procedure, § 1366 (West 1990).

ANALYSIS

A.  Parental Rights and Responsibilities Act

Studli references violations of her rights under the "Parental Rights and Responsibilities Act." She does not, however, provide a citation to the Act, nor does she identify the Act as being either a state or a federal act. Research has not disclosed any duly enacted law entitled the Parental Rights and Responsibilities Act.

It does appear as though the Act was a piece of federal legislation proposed in June of 1995. However, the legislation stalled and was never passed into law. See 1995 Bill Tracking H.R. 984. Consequently, Studli's claim under the Act is dismissed with prejudice.

B. "Due Process" Violations

Studli also references violations of her rights to due process under the Fourteenth Amendment. Studli cannot bring suit directly under the Fourteenth Amendment though, because the Civil Rights Act of 1871, 42 U.S.C. § 1983, provides an alternative remedy. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Because Studli is proceeding *pro se,* I will treat her claim as having been asserted under § 1983.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at

law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To establish a claim under § 1983, Studli must demonstrate that: (1) the conduct complained of deprived her of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person[s] acting under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982) and Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997). As stated above, Studli contends that her right to "due process" under the Fourteenth Amendment was violated. "The Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." Croft v. Westmoreland County Children and Youth Services, 103 F.3d 1123, 1125 (3d Cir. 1997), citing, Lehr v. Robertson, 463 U.S. 248, 258 (1983) and Myes v. Morris, 810 F.2d 1437, 1462 (8th Cir. 1987).

It is unclear whether Studli's due process claim is grounded upon a violation of procedural guarantees, substantive guarantees or both. Indeed, she has not given even the basic rudiments of her claim. There is no time frame provided during which the events complained of occurred. Even given the liberal standards of notice pleading, I find the brevity of Studli's Complaint to be deficient.[3]

1. Procedural Due Process

Procedural due process guarantees ensure the opportunity to be heard "at

---

[3] Even if I did not dismiss the Complaint on this basis, the Complaint would be subject to dismissal for the reasons addressed elsewhere in this Opinion.

a meaningful time and in a meaningful manner." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 333 (1976) (quotation omitted). Whether the Defendants satisfied this guarantee depends upon a variety of factors:

> first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

<u>Mathews</u>, 424 U.S. at 335. Here, the private interest would be the fundamental liberty interest Studli has in the care, custody and management of her children. <u>See Croft</u>, 103 F.3d at 125. Studli does not identify the procedures the Defendants used in removing the children from her care, nor does she suggest any additional or substitute procedural safeguards. The Pennsylvania legislature has set forth certain procedures which govern the taking of a child into custody. Thus a child may be taken into custody:

> (1) Pursuant to an order of the court under this chapter. Prior to entering a protective custody order removing a child from the home of the parent, guardian or custodian, the court must determine that to allow the child to remain in the home is contrary to the welfare of the child.
> (2) Pursuant to the laws of arrest.
> (3) By a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child is suffering from illness or injury or is in imminent danger from his surroundings, and that his removal is necessary.
> (4) By a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has run away from his parents, guardian or other custodian.
> (5) By a law officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has violated conditions of

his probation.

42 Pa. C.S.A. § 6324.  Additionally, a child may be taken into protective custody:

> ...
> (2) By a physician examining or treating a child or by the director, or a person specifically designated in writing by the director of any hospital or other medical institution where the child is being treated if protective custody is immediately necessary to protect the child under this chapter.
> (3) By a physician or the director, or a person specifically designated by the director, of a hospital pursuant to Chapter 65 (relating to newborn protection) if the child is a newborn.

23 Pa. C.S.A. § 6315.    There are certain post deprivation procedural guarantees as well.  For instance, no child may be held in protective custody for more than 24 hours unless the appropriate county agency is notified and obtains a court order permitting the further retention of the child. 23 Pa. C.S.A. § 6315(b).  Additionally, except in cases involving a newborn, the parent, guardian or other custodian of the child shall be notified within 24 hours of the child having been taken into protective custody of the whereabouts of the child, unless prohibited by court order, and the reasons for taking the child into protective custody. See 23 Pa. C.S.A. § 6315(c).  No case of protective custody may be maintained longer than 72 hours without an informal hearing. See 23 Pa. C.S.A. § 6315(d).  Further, no child taken into protective custody may be detained except in an appropriate medical facility, foster home or other appropriate facility. 23 Pa. C.S.A. §6315(e).  Finally, a conference between the parent, guardian or other custodian of the child taken into protective custody and

the employee designated to be responsible for the child must be held within 48 hours of the time that the child is taken into custody in order to explain the reasons for detention and the whereabouts of the child (unless prohibited by court order), to expedite the return of the child and to explain the rights provided for under 42 Pa. C.S.A. § 6337 and § 6338. See 23 Pa. C.S.A. § 6315(f).

It is unclear at this stage whether Studli claims that the Defendants in this case failed to follow the procedures outlined above, whether she claims that the procedures outlined above are constitutionally deficient, or whether she is even asserting a procedural due process claim. Should Studli choose to file an Amended Complaint, she should more clearly identify the parameters of her due process claim.

2. Substantive Due Process

Studli also has a substantive due process right. That is, she has a fundamental liberty interest in the care, custody and management of her children. Miller v. City of Philadelphia, 174 F.3d 368, 374 (3d Cir. 1999) (citations omitted). As recognized by the Third Circuit Court:

> [t]o determine whether this right has been abridged, we must consider the governmental acts in question. "The touchstone of due process is the protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974). In cases like this, where abusive action by a member of the executive branch is alleged, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833, 118 S. Ct. 1708, 1716, 140 L.Ed.2d 1043 (1998) (citation and internal quotation marks omitted). To generate liability, executive action must be so ill-

8

>conceived or malicious that it 'shocks the conscience.' Id.
>at 17117.  Critically, under this standard, officials will not
>be held liable for actions that are merely negligent.

Miller, 174 F.3d at 374-75 (internal citations omitted).  Should Studli choose to file an Amended Complaint and assert a substantive due process claim, she should more clearly indicate how the Defendants' actions in this case "shock the conscience."

C. OCYF

The Eleventh Amendment bars suit against a state in federal court. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996).[4]  This immunity applies not only to the Commonwealth of Pennsylvania, but to entities which are "arms of the state" as well. See Kentucky v. Graham, 473 U.S. 159 (1985).  Here, the OCYF is an arm of the state entitled to Eleventh Amendment immunity. See Smith v. Philadelphia Dept. Of Human Services, Civ. No. 4-1940, 2005 WL 525403 at * 3 (E.D. Pa. March 3, 2005), citing, Nelson v. Pa. Dept. Of Public Welfare, 244 F. Supp.2d 382, 390 (E.D. Pa. 2002) and Doman v. Pa. Dept. Of Public Welfare, 2000 WL 283848 at * 2 (E.D. Pa. March 16, 2000).[5]  Consequently, Studli cannot maintain an action against OCYF.  Her claim against them is dismissed with prejudice.  Further, because I find that OCYF is entitled to Eleventh Amendment immunity, I need not address its claim that it

---

[4] While the Eleventh Amendment does not preclude suits for prospective injunctive relief, Studli does not raise such a claim. See Ex Parte Young, 209 U.S. 123 (1908).

[5] Eleventh Amendment immunity can be abrogated by Congress or waived by the state.  Yet, Congress did not abrogate Pennsylvania's Eleventh Amendment immunity for section 1983 suits and the Commonwealth has not waived its immunity under the Eleventh Amendment.  See Quern v. Jordan, 440 U.S. 342 (1979) and 42 Pa. Cons. Stat. Ann. Section 8521(b).

cannot be sued under § 1983.[6]

D. Judicial Defendants

The Judicial Defendants offer two arguments in support of the dismissal of the claims against them. First, they contend that Studli's claim is nothing more than a disagreement with the Judicial Defendants' rulings in the state protective custody matter. They characterize the claim, then, as one of appellate review and thus barred under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). While I agree with the Judicial Defendants' statement that "[u]nder the long established Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court in a judicial proceeding," see Docket No. 7, p. 2, I disagree with the application of the doctrine to the case at bar. As the Complaint currently reads, Studli is not seeking appellate review. Indeed, she does not ask for an order reversing the Judicial Defendants' decisions. Rather, she claims that the Defendants violated her due process rights in connection with a the protective custody proceedings. The Motion is therefore denied.

I find the Judicial Defendants' other argument more convincing. They invoke

---

[6] Given Studli's *pro se* status, I take the time to note that the Eleventh Amendment does not bar suits for damages against state officials sued in their individual or personal capacities. See Garden State Electrical Inspection Services Inc. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005). "In personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of the officer. Therefore, the Eleventh Amendment is not implicated because the State is not the real party in interest." Garden State, 144 Fed. Appx. at 251, citing, Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, should Studli choose to file an Amended Complaint, the Eleventh Amendment would not preclude her from asserting claims against particular individuals at the OCYF provided that she sues them in their individual capacity.

the doctrine of "judicial immunity" as a bar to Studli's claims. Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him; and (2) he is performing a judicial act. See Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099 (1978) and Mireles v. Waco, 502 U.S. 9 (1991). Nothing in Studli's Complaint suggests that the Honorable John Cascio or the Honorable Eugene Fike either lacked subject matter jurisdiction over the protective custody proceedings or engaged in anything other than a judicial act. As such, the claims against Judge Cascio and Judge Fike are dismissed. That dismissal is, however, without prejudice. Should Studli choose to file an Amended Complaint, she is permitted to reassert claims against the Judicial Defendants provided that such claims are premised upon something other than instances where the Judicial Defendants had subject matter jurisdiction and where they were performing judicial acts.

E. The Commissioners

Studli identifies the "Somerset County Commissioners" as having violated her rights to due process. See Complaint, ¶¶ 1, 2 and 4. Other than in the caption of the Complaint, though, Studli never identifies the Commissioners as individuals. She does not charge any of them with any individual involvement in this case. As such, I read the Complaint as asserting claims against the Commissioners in their "official capacity" as contrasted with "individual capacity."

To the extent that Studli intended to pursue claims against the Commissioners in their individual capacities, those claims are dismissed as she does not allege that they had any involvement with the actions underlying the Complaint. That dismissal

11

is, however, without prejudice, to file an Amended Complaint and include claims against the individual Commissioners to the extent that she can allege that any or all of them were personally involved in the protective custody proceeding. See Poole v. D.O.C., 153 Fed. Appx. 816, 818-819 (3d Cir. 2005) (dismissing a claim against a correctional officer in his individual capacity where the Complaint was devoid of any facts indicating that the defendant was personally involved). Further, the claims that Studli asserts against the individual Commissioners in their official capacity will be treated as claims against the County of Somerset itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991) and Stacey v. City of Hermitage, Civ. No. 3-4176, 2006 WL 1026437 at * 3 (3d Cir. April 19, 2006).

F.  The County and CYS

"Local governing bodies ... may be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Social Services, 436 U.S. 658 (1978).  Additionally, local governments can be sued for "constitutional deprivations visited pursuant to a governmental 'custom.'" Monell, 436 U.S. at 691.  "In other words, a county (or its agencies) may not be sued under a *respondeat superior* theory.  Therefore, a *prima facie* case against a county must involve an allegation of a policy or custom that directed or caused the constitutional deprivation." Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004).

Here, Studli has not alleged that the County (through the Commissioners or

12

through CYS) acted to deprive her of her due process rights pursuant to a policy or custom. Such a failure is fatal to her claim. Consequently, Studli's claims against the County are dismissed without prejudice to amend the Complaint and identify a custom, policy or practice which caused her to be deprived or her constitutional right to due process.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY STUDLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-374J |
| | ) |
| CHILDREN and YOUTH SERVICES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

### ORDER OF COURT

AND NOW, this **9th** day of May, for the reasons set forth in the accompanying Opinion, it is Ordered that the Motions to Dismiss (Docket Nos. 4, 6 and 9) are GRANTED, as follows:

(1) the claim under the Parental Rights and Responsibilities Act is dismissed, with prejudice;

(2) the Due Process claim, which is treated as having been asserted under 42 U.S.C. § 1983, is dismissed for failure to plead the claim with sufficient specificity. This dismissal is, however, without prejudice to reassert the claim as consistent with the Opinion.

(3) the Due Process claim arising under § 1983 is also dismissed as against:

- the Judicial Defendants on the basis of judicial immunity, though the dismissal is without prejudice to

14

reassert the claim provided that Plaintiff can craft her claim so as to avoid the purview of the judicial immunity doctrine;

- the Commissioners, to the extent that the claims are asserted against them in their individual capacity, as Studli has not alleged any personal involvement by the Commissioners. The dismissal is, however, without prejudice to reassert a claim against the individual Commissioners if Studli can attribute any personal involvement to the Commissioners;

- OCYF, based upon Eleventh Amendment immunity.  This dismissal is   with prejudice.

- CYS and the County, based upon the failure to plead that the deprivation of constitutional rights occurred as a result of a practice, custom or policy.  This dismissal is, however, without prejudice to reassert the claim provided that Studli assert that the violation of her due process rights occurred as a result of a practice, custom or policy established by CYS or the County.

Any such Amended Complaint shall be filed within ten (10) days of the date of this Order.


BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge