IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY STUDLI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-374J |
| | ) |
| CHARLES A. CRIMONE, Director, Children & | ) |
| Youth Services, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

Plaintiff Sherry Studli ("Studli") is the mother of six children.  She claims that

the Defendants deprived her of various constitutional rights in connection with the

removal of her children from her care.  In an Opinion and Order dated May 9, 2006,

I previously dismissed Studli's Complaints against all Defendants.  Studli was given

leave to assert certain new claims, provided that she cured the deficiencies noted

in the Opinion.  She has since filed an Amended Complaint.

Defendants Charles Crimone, Natalie Hunt, Tia Lopez, George Hazlitt, Debra

Rugg, Andrea Paliguta, and Julia Barth were newly named in the Amended

1

Complaint.  They are each employed by the Children and Youth Services of Somerset County, Pennsylvania ("CYS") in some capacity (hereinafter referred to as the "CYS Employees").  Studli again named Defendants James Maker, Brad Cover and Pamela Tokar-Ickes, all of whom served as Commissioners of Somerset County ("the Commissioners") during the relevant time frame.  The CYS Employees and the Commissioners have filed a Motion to Dismiss the Amended Complaint. See Docket No. 19.[1]

After careful consideration, and for the reasons set forth below, the Motion is granted in part and denied in part.

**STANDARD OF REVIEW**

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of

---

[1] The Defendants' Brief totals 28 pages.  This Court has a twenty page limit on any brief in support or in opposition to a dispositive motion.  This limit is publicized on the Court's web page. Defendants are hereby instructed to comply with this limit with respect to all future filings.

the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See Miree v. DeKalb County, Ga.</u>, 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. <u>See</u> Fed. R. Civ. P. 8(2)(a) and <u>Conley</u>, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1366 (West 1990).

## **ANALYSIS**

1.  <u>SERVICE OF PROCESS UPON THE CYS EMPLOYEES</u>

The CYS Employees seek dismissal of the Amended Complaint on the basis of insufficiency of service of process under Rule 12(b)(5) of the Rules of Civil Procedure. In federal court, service of process upon individuals is governed by Rule 4(e).  Rule 4(e) provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the local law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction

of the State; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Studli insists that the CYS Employees were served "by mail with sufficient postage." <u>See</u> Docket No. 26, ¶ 16.  Obviously, service by mail does not comply with Rule 4(e)(2).  Service by mail does not comply with Rule 4(e)(1) either. Pennsylvania does not allow service by mail upon individuals. <u>See</u> Pa. R. Civ. P. 402 and <u>Goodrich v. Wilcox</u>, Civ. No. 4-1603, 2005 WL 2129925 at * 2 (M.D. Pa. Sept. 2, 2005).

Consequently, I find that Studli's service of the Amended Complaint by United States mail to the CYS Employees does not satisfy the service requirements of Fed.R.Civ.P. 4(e).  Given Studli's pro se status, however, I will dismiss the Amended Complaint against the CYS Employees without prejudice.  Studli shall effect proper service upon the CYS Employees within 30 days of the date of this Order.[2]

2. <u>CLAIMS AGAINST THE COMMISSIONERS - INDIVIDUAL CAPACITY</u>

Studli names Marker, Cober and Tokar-Ickes - the Somerset County

---

[2] I defer ruling upon any substantive challenges asserted by the CYS Employees at this time. Should Studli properly serve the Amended Complaint, the CYS Employees are free to renew any meritorious challenges.

Commissioners - as Defendants in her Amended Complaint.  The Commissioners respond that, because Studli did not set forth any specific allegations against them, they cannot be sued in their individual capacities.  As such, they seek the dismissal of any such claims.

The Motion is denied, in this regard, as moot.  In the Opinion and Order addressing the initial rounds of motions to dismiss, I stated that "I read the Complaint as asserting claims against the Commissioners in their 'official capacity' as contrasted with 'individual capacity.'" See Opinion and Order disposing of Docket Nos. 4, 6 and 9.  I further instructed Studli that, to the extent that she intended to pursue individual claims against the Commissioners, she had to amend the Complaint in this respect.  She has not done so.  Accordingly, I stand by my previous reading of her claims - there are no claims asserted against the Commissioners in their individual capacities.

3. <u>SECTION 1983 CLAIMS AGAINST THE COUNTY</u>

I previously dismissed all claims asserted under 42 U.S.C. § 1983 against the Commissioners in their official capacity (which is the same as naming Somerset County as a Defendant) because Studli did not plead that the deprivation of constitutional rights occurred as a result of a practice, custom or policy.  The dismissal was without prejudice to amend so as to identify a custom, practice or policy which caused her to be deprived of a constitutional right.  Defendants contend that Studli's Amended Complaint similarly fails to set forth a policy, practice or custom that existed and which deprived her of her constitutional rights.

5

I disagree.  After careful review of the allegations set forth in the Amended Complaint, and in light of Studli's pro se status and the requirements of notice pleading, I conclude that Studli has sufficiently identified a practice, custom or policy which deprived her of her constitutional rights.  Studli argues that her children were wrongly taken from her, that her children were placed outside of Somerset County and that the removal of her children from her home caused them to suffer harm.  In support of these general allegations, Studli contends that "Children and Youth Services of Somerset County was organized to operate a business that apparently profits to misuse of children for budget purposes." See Amended Complaint, ¶ 20.  Studli also argues that "Somerset County conducts its CYS on a menu that no children are placed into Somerset County foster homes, but are contracted out of the county for such placement." Id., ¶ 21.  I find these allegations to satisfy the practice, custom or policy requirements.  Whether Studli will be able to demonstrate a causal connection between these allegations and the complained of harm, remains to be seen.  Accordingly, the Motion to Dismiss the Amended Complaint for failure to allege a custom, practice or policy is denied.[3]

4. PUNITIVE DAMAGES

The Amended Complaint includes a demand for punitive damages.  The Defendants urge that punitive damages are not available against Somerset County.

---

[3] The Defendants' arguments that Studli has not alleged sufficient facts in connection with her constitutional claims asserted under Section 1983 is similarly rejected.  Studli complains of government interference with her familial relationship and her fundamental liberty interest in the care, custody and management of her children. The Federal Rules of Civil Procedure require only notice pleading.  Studli's Amended Complaint, coupled with the exhibits attached thereto, satisfy the requirements of Rule 8.

I agree that punitive damages are not available under Section 1983 against a government entity. See Feldman v. Philadelphia Housing Authority, 43 F.3d 828 (3d Cir. 1994).[4]

---

[4] While Defendants' Brief contains a few paragraphs on a statute of limitations arguments, Defendants did not move for the dismissal of the Amended Complaint in this regard.  Accordingly, I will not consider the argument.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY STUDLI,                                )
                                              )
                                              )
          Plaintiff,                          )
                                              )
     -vs-                                     )
                                                Civil Action No.  05-374J
                                              )
CHARLES A. CRIMONE, Director, Children &      )
Youth Services, et al.,                       )
                                              )
                                              )
                                              )
          Defendants.                         )

AMBROSE, Chief District Judge.


## ORDER OF COURT


AND NOW, this **6**[th] day of July, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss the Amended Complaint (Docket No. 19) is granted in part and denied in part.  It is granted insofar as all claims asserted against the CYS Employees, in their individual capacity, are dismissed for insufficiency of service of process.  The dismissal is, however, without prejudice to serve the Amended Complaint upon the CYS Employees within 30 days of the date of this Order.  The Motion is also granted insofar as the Defendants seek the dismissal of any demands for punitive damages asserted against the County.

8

The Motion is denied as moot insofar as it seeks the dismissal of any claims against the Commissioners in their personal capacity, as I find that no such claims have been raised.  The Motion is denied in all other respects.


BY THE COURT:




/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

9