IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY STUDLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-374-J |
| | ) |
| CHARLES A. CRIMONE, Director, Children & Youth Services, et al., | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION

and

# ORDER OF COURT

Plaintiff Sherry Studli ("Studli") is the mother of six children.  She claims that the Defendants deprived her of various constitutional rights in connection with the removal of her children from her home.  The Defendants have previously challenged the sufficiency of Studli's claims.  The Motions were granted in part and denied in part and Studli has been given every opportunity to correct any noted deficiencies. See Docket Nos. 17 and 27.  Defendant Charles Crimone, Natalie Hunt, Tia Lopez, George Hazlitt, Debra Rugg, Andrew Paliguta, Julia Barth ("the CYS Employees") and Somerset County Commissioners James Maker, Brad Cober and Pamela Tokar-Ickes have filed  a Second Motion to Dismiss Plaintiff's Amended Complaint. See Docket No. 29.  They offer several arguments in support of dismissal of the claims.  For the

1

reasons set forth below, the Motion is granted in part and denied in part.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

### I. SPECIFIC FACTUAL ALLEGATIONS

The CYS Employees argue that Studli has not set forth any specific allegations against them. I agree. Other than naming them in the caption and identifying them as CYS employees, Studli makes no assertions with respect to Crimone, Hunt, Lopez, Paliguta or Barth. This Court has previously made Studli aware of the necessity of including specific allegations against Defendants should she desire to keep them in the case. See Docket Nos. 17 and 27. Consequently, the claims against Crimone, Hunt, Lopez, Paliguta and Barth are dismissed.

### II. PERSONAL LIABILITY UNDER § 1983

The remaining CYS Employees, Hazlitt and Rugg, argue that they cannot be subject to personal liability under 42 U.S.C. § 19833 for actions taken in their capacities as CYS employees. See Docket No. 30, p. 5. They cite to no authority in support of this novel proposition. In Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358 (1991), the Supreme Court in fact recognized that state officers may be personally liable for damages under § 1983 for actions taken in an official capacity. Accordingly, I find the CYS Employees' argument unconvincing in this regard.

### III. ABSOLUTE IMMUNITY

Hazlitt and Rugg also argue that they are entitled to absolute immunity under the reasoning of Ernst v. Child and Youth Services of Chester County, 108 F.3d 486 (3d Cir. 1997). In Ernst, the Third Circuit court held that "the CYS defendants are entitled to absolute immunity for their actions on behalf of the state in preparing

3

for, initiating, and prosecuting dependency proceedings." Ernst, 108 F.3d at 495. The Third Circuit court found that this immunity "is broad enough to include the formulation and presentation of recommendations to the court in the course of such proceedings." Id. The court cautioned, however, that absolute immunity would not extend to "investigative" or "administrative" actions taken by child welfare workers outside the context of judicial proceedings. Id., at 497 n. 7.

While the Ernst decision may ultimately prove persuasive, application of its holding at this juncture would be premature. Studli charges Hazlitt with having "prepared, verified and signed a patently fraudulent 'Primary Review Hearing Report'" falsely accusing Studli of threatening suicide and of being bipolar and requiring medication. See Amended Complaint, ¶ 2. Studli charges Rugg, the caseworker assigned to Angela Studli, with deliberately and knowingly failing to secure Angela medical attention. I cannot discern whether Hazlitt's and Rugg's alleged actions occurred in the context of dependency proceedings or in an administrative or investigative context.

## IV. **QUALIFIED IMMUNITY**

In the alternative, Hazlitt and Rugg seek qualified immunity. They contend that "[t]hey are clearly entitled to qualified immunity as there are no allegations that they were improperly and not in good faith carrying out their duties." See Docket No. 30, p. 9. Accepting for purposes of argument Hazlitt's and Rugg's contention that qualified immunity is not available if Studli has alleged that they were not acting in good faith, then qualified immunity is unavailable at this juncture. As

stated above, Studli charges Hazlitt with fraud and Rugg with deliberate neglect of a child's medical needs - such actions can fairly be described as not acting in good faith.

I would deny Hazlitt's and Rugg's motion on the alternative basis that they have provided no actual analysis in support of the qualified immunity defense. There is no discussion of the constitutional right at issue or whether that right was clearly established at the time in question. The Defendants simply provide a vague statement that they acted in "good faith" and ask that the Court award qualified immunity on this basis.

## V. OFFICIAL CAPACITY CLAIMS

Hazlitt and Rugg ask that the claims against them in their official capacity be dismissed as duplicative of any claims asserted against the municipality itself. Claims against individuals in their official capacity are treated as if the claim were asserted directly against the municipality. See McGreevy v. Stroup, 413 F.3d 359, 369-70 (3d Cir. 2005). Therefore, I will treat the claims against Hazlitt and Rugg in their official capacity as claims against Somerset County.

## VI. PUNITIVE DAMAGES

Finally, the Defendants argue that Studli cannot recover punitive damages. As against Somerset County, the Defendants maintain that punitive damages are unavailable. As against Hazlitt and Rugg in their individual capacities, the Defendants urge that the allegations set forth in the Amended Complaint do not support a finding of malicious or wanton conduct.

5

I agree that Somerset County is not liable for punitive damages under the reasoning of <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271, 101 S. Ct. 2748 (1981). The demand for punitive damages asserted against Somerset County (or those Defendants employed by the County who are named in their official capacities) is dismissed. I disagree, however, that demand for punitive damages asserted against Hazlitt and Rugg should be dismissed. Hazlitt is accused of engaging in fraud designed to separate a mother from her children. Rugg is accused of deliberately and knowingly depriving a child of necessary medical attention. Such allegations, if believed, could support the imposition of punitive damages.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY STUDLI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-374-J |
| | ) |
| CHARLES A. CRIMONE, Director, Children & | ) |
| Youth Services, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **23rd** day of October, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Second Motion to Dismiss the Amended Complaint (Docket No. 29) is Granted in part and Denied in part. It is GRANTED insofar as: all claims against Crimone, Hunt, Lopez, Paliguta and Barth are dismissed because the Amended Complaint contains no allegations directed toward them; the official capacity claims asserted against Hazlitt and Rugg are dismissed as duplicative of claims asserted against the County; and no punitive damages are available as against the County. The Motion is DENIED in all other respects.

A Case Management Conference is scheduled for Thursday, November 2, 2006, at 9:00 A.M. before the undersigned.  Counsel shall have settlement authority and parties are to be available by telephone.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge